| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>POUGHKEEPSIE DIVISION | HEARING DATE: April 12, 2022<br>HEARING TIME: 9:00 a.m.<br>OBJECTION DEADLINE: April 5, 2022 |
| In re:<br><br>NEW YORK HAND & PHYSICAL THERAPY PLLC,<br><br>Debtor. | Case No. 21-35911 (CGM)<br><br>(Chapter 11, Subchapter V) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee") hereby files a Supplemental Memorandum of Law in Support of his Motion to Dismiss or Convert Case under 11 U.S.C. § 1112(b), filed on February 1, 2022 (ECF Doc. No. 24) (the "Motion"). In further support of the Motion, the United States Trustee respectfully represents and alleges as follows:

## I. INTRODUCTION

There is cause to dismiss or convert the Debtor's case under 11 U.S.C. § 1112(b)(4). The Debtor has failed to file any operating reports since the date it filed the chapter 11 petition, which constitutes cause under § 1112(b)(4)(F). Cause also exists under § 1112(b)(4)(J). The deadline for the Debtor to file a subchapter V plan expires on March 23, 2022. Given the lack of pre- and post-petition financial records and operating reports, it is unlikely, if not impossible, that the Debtor will be able to file a substantive, confirmable plan by the deadline; and the Debtor will not be entitled to an extension of the deadline because need for the extension is attributable to circumstances within its control under § 1189(b). If the Court finds cause to dismiss or convert the case, the Debtor will not be able to show unusual circumstances under 11 U.S.C. § 1112(b)(2) to remain in chapter 11. Here, dismissal is in the best interests of creditors and the

estate. The Debtor has no assets for a chapter 7 trustee to liquidate. The Debtor's creditors may seek their remedies against the Debtor in non-bankruptcy courts.

## II. FACTS

### A. Procedural History

On December 23, 2021 (the "Petition Date"), the Debtor filed a case under chapter 11 Subchapter V. ECF Doc. No. 1. On December 28, 2021, the United States Trustee appointed Charles Persing as Subchapter V trustee. ECF Doc. No. 3. The United States Trustee examined the Debtor's representative at the § 341(a) meeting of creditors (the "Meeting"), held on January 19, 2022, and closed the Meeting at the conclusion of the examination. ECF Doc. No. 5.

### B. Assets and Liabilities

On Schedule A/B, filed January 13, 2022, the Debtor listed personal property with a total value of $26,935.00. ECF Doc. No. 20. On Schedule D, filed on the Petition Date, the Debtor listed Mahopac Bank ("Mahopac") as holding a claim of $132,595.00, secured by all of the Debtor's assets.[1] ECF Doc. No. 2. On Schedule E/F, the Debtor listed two judgment creditors with claims totaling $93,567.11. ECF Doc. No. 20.

### C. The Unauthorized Use of Cash Collateral and the Motion

On January 3, 2022, the Debtor filed a Motion to authorize the continued use of pre-petition bank accounts (the "Cash Management Motion"). ECF Doc. No. 12. On January 10, 2022, Mahopac filed an objection to the Cash Management Motion because the Debtor did not have authority to use cash collateral. The Court granted the Cash Management Motion, and the Debtor was put on notice of the requirement to obtain authority or consent to use cash collateral.

[1]On January 13, 2022, the Debtor filed Amended Schedule D, showing no secured creditors. However, upon information and belief, the Debtor admits that Mahopac is a secured creditor.

On February 1, 2022, the Court held a status conference in the case. At the conference Debtor's counsel admitted that the Debtor was using Mahopac's cash collateral. She stated that she has negotiated with Mahopac but did not have an agreement and had not filed a motion. Based on counsel's admission regarding the unauthorized use of cash collateral, the United States Trustee filed the Motion on February 1, 2022, seeking dismissal or conversion for cause under 11 U.S.C. § 1112(b)(4)(D), with a hearing on the Motion set for February 3, 2022 (the "February 3, 2022 Hearing").

On February 3, 2022, the Debtor filed a Motion for Approval of an Interim Order Authorizing the Use of Cash Collateral (the "Cash Collateral Motion"). ECF Doc. No. 29. At the February 3, 2022 Hearing, the Court granted the Cash Collateral Motion, and on February 10, 2022, the Court entered an Interim Stipulation and Order Authorizing the Use of Cash Collateral. ECF Doc. 43. The Court adjourned the hearing on the Motion to April 12, 2022.

### D. The Debtor's Failure to Fulfill the Requirements of Subchapter V

Since the Petition Date, the Debtor has failed to file any monthly operating reports. The deadline for the Debtor to file a plan expires on March 23, 2022, five days from now. Without operating reports and other financial information, the Debtor will not be able to provide reliable income projections, which would make any plan unconfirmable.

## III. ARGUMENT

### A. There is Cause to Dismiss or Convert the Debtor's Case.

Section 1112(b) provides, in part, that:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

The Court may convert or dismiss a chapter 11 case upon a finding of cause under § 1112(b)(4). *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The moving party has the burden of proving that cause exists. *In re the AdBrite Corporation*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2001) (citations omitted). The Bankruptcy Court has "wide discretion to determine if cause exists and how to ultimately adjudicate the case." *In re the 1031 Tax Group*, *LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

Section 1112(b)(4) provides sixteen examples of cause, including,

> (F) unexcused failure to satisfy timely any filing or reporting requirements established by this title or by any rule applicable to a case under this chapter; [and]
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or b order of the court . . . .

11 U.S.C. § 1112(b)(4)(F) and (J).

**1. The Failure to File Monthly Operating Reports Constitutes Cause under 11 U.S.C. § 1112(b)(4)(F).**

The requirement to file operating reports in Subchapter V cases is set forth in § 1187(b), which provides that "a debtor . . . shall comply with the requirements of section 308 and paragraphs (2), (3), (4), (5), (6), and (7) of section 1116 of this title." 11 U.S.C. § 1187(b). Under § 308, a small business debtor "shall file periodic financial . . . reports . . . ." 11 U.S.C. § 308(b). Section 1116 provides, in part, that a debtor in a small business case shall . . . file all postpetition financial and other reports required by the Federal Rules of Bankruptcy Procedure or by local rule of the district court." 11 U.S.C. § 1116(4).

"Monthly reports and the financial disclosures contained within them 'are the life-blood of the Chapter 11 process' and are more than 'mere busy work.'" *In re Andover Covered Bridge*, *LLC*, 553 B.R. 162, 173 (1st Cir. B.A.P. 2019 (quoting *In re Whetten,* 473 B.R. 380, 383 (Bankr.D.Colo.2012) (citing *In re Berryhill,*127 B.R. 427, 433 (Bankr.N.D.Ind.1991)). Monthly operating reports "are the means by which a creditor can monitor a debtor's post-petition

operations [and] their filing is very high on the list of fiduciary obligations imposed upon a debtor in possession. *Berryhill*, 427 B.R. at 433. "The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize." *Whetten,* 473 B.R. at 384. *See also In re Butt*, 598 B.R. 724, 728 (Bankr. W.D.N.Y. 2019) (failure to file monthly operating reports was a failure to fulfill obligations under chapter 11 and deprived parties of any information regarding the debtor's financial condition). "The failure to file monthly operating statements . . . whether based on inability to do so or otherwise, undermines the chapter 11 process and constitutes cause for dismissal or conversion [of a chapter 11 case.]" *In re Roma Group*, 165 B.R. 779, 780 (S.D.N.Y. 1994).

Here, the Debtor has failed to file any operating reports since the Petition Date. Without operating reports, the Trustee, United States Trustee, creditors, and Court do not have the ability to monitor the Debtor's financial condition or assess its prospects for reorganizing. On this basis, there is cause to dismiss or convert the case under § 1112(b)(4)(F).

**B. The Debtor Will Not Be Able to Propose a Confirmable Plan by the Deadline or Establish the Need for an Extension under11 U.S.C. § 1189.**

Section 1189 provides as follows:

**§ 1189 Filing the plan**

(a) WHO MAY FILE A PLAN—Only the debtor may file a plan under this Subchapter.

(b) DEADLINE—The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.

11 U.S.C. § 1189(a) and (b).

In Subchapter V cases, the failure to file a plan within the time fixed by the Bankruptcy Code constitutes cause to dismiss or convert under § 1112(b)(4)(J). *In re Seven Stars on the*

*Hudson Corp*., 618 B.R. 333, 339 (Bankr. S.D. Fla. 2020). A debtor in Subchapter V must file a plan that is substantive and confirmable by the 90-day deadline set forth in § 1189(b). *In re Baker*, 625 B.R. 27, 38 (Bankr. S.D. Texas 2020). Filing "a placeholder plan is a waste of time and resources for all parties-in-interest and does not represent Congress' intent . . . to streamline the bankruptcy process by which small business debtors reorganize and rehabilitate their financial affairs." *Id*. at 39.

The Court may only extend the plan deadline upon the debtor's showing that the "need for more time 'is attributable to circumstances for which the debtor should not justly be held accountable.'" *In re HBL SNF, LLC*, 635 B.R.725 (Bankr. S.D.N.Y. 2022) (quoting 11 U.S.C. § 1189(b)). The standard for granting an extension "is stringent and a higher standard than the 'for cause' standard in Section 1121(d)(1) that governs extensions to file a plan in a traditional chapter 11 plan" *Id*. (citation omitted).

The deadline to file a plan expires on March 23, 2022. Based on the impending deadline, it will be difficult, if not impossible, for the Debtor to file a timely substantive and confirmable plan. A Subchapter V plan must include, among other things, "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." 11 U.S.C. § 1190(1)(C). To confirm a chapter 11 plan, "a debtor's income projections must be based on concrete evidence and not be speculative or conjectural." *FRGR,* 419 B.R. at 584. It does not appear that the Debtor has any pre-petition financial records, and without operating reports, the Debtor does not have any concrete evidence on which to base income projections in the plan. Cause, therefore, exists under § 1112(b)(4)(J).

If the Debtor files a motion to extend the plan deadline, it will not be able to meet its heavy burden of showing that the need for an extension is due to circumstances beyond its control. To the contrary, the potential need for an extension is solely due to the Debtor's

apparent lack of pre- and post-petition accounting records and the resulting inability to file operating reports that reflect the income and expenses of its business operations.

**B. If the Court Finds Cause to Dismiss or Convert the Case, the Debtor Cannot Show Unusual Circumstances to Stay in Chapter 11.**

Under § 1112(b)(2), the Court may not dismiss or convert a case if (1) unusual circumstances exist such that dismissal of the chapter 11 case is not in the best interest of creditors and the estate; (2) there is a reasonable likelihood a bankruptcy plan can be confirmed; or (3) the grounds establishing cause include an act or omission that the Debtor can reasonably justify and cure within a reasonable period of time. *Dickey*, 559 B.R. at 550; and 11 U.S.C. § 1112(b)(2)(A) and (B). The Debtor has the burden of proving the existence of unusual circumstances. *In re 250 Pixley Road*, LLC, 2018 WL 1381316 (Bankr. W.D.N.Y. March 16, 2018).

The Debtor cannot meet its burden under § 1112(b)(2). Catching up with delinquent operating reports does not cure the failure to file them timely. *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 716–17 (Bankr. D. Md. 2011). Unless the Debtor files a substantive confirmable plan by March 23, 2022, which is unlikely, it cannot show a reasonable likelihood that a plan can be confirmed.

**C. Dismissal is in the Best Interests of Creditors and the Estate.**

After determining that cause exists and that there are no unusual circumstances under § 1112(b)(2), "the Court has broad discretion to either convert or dismiss the chapter 11 case. Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *AdBrite*, 290 B.R. at 215, citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986).

Here, dismissal is in the best interests of creditors and the estate. The Debtor has no assets for a chapter 7 trustee to liquidate. Mahopac and other creditors may seek their remedies in other non-bankruptcy courts.

Dated: Poughkeepsie, New York
March 18, 2022

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*
Alicia M. Leonhard
Trial Attorney
Leo O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, New York 12207
Direct Telephone: 202.495.9929
Email: .Alicia.M.Leonhard@usdoj.gov