*FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

*In re:*

                    :

New York Hand & Physical       :    Chapter 11 (Subchapter V)
Therapy PLLC.,               :    Case No. 21-35911

                    :

             *Debtor*

---------------------------------------------------------- x

## MEMORANDUM DECISION CONDITIONALLY GRANTING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS

**A P P E A R A N C E S :**

*Attorney for the Debtor, New York Hand & Physical Therapy PLLC*
Salts Law Office
2537 Route 52
Building 3 Ste 1-4
Hopewell Junction, NY 12533
By:    Devon Salts

*Attorney for the United States Trustee, Region 2*
Leo O'Brien Federal Building
11A Clinton Avenue,
Room 620 Albany, NY 12207
By:    Alicia M. Leonard

*The Subchapter V Trustee*
Bederson LLP 100
Passaic Avenue, Suite 310
Fairfield, NJ 07004
By:    Charles N. Persing

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

       Pending before the Court is the motion of the United States Trustee (the "U.S. Trustee")

to dismiss or convert the case of the debtor, New York Hand & Physical Therapy PLLC,

("Debtor") for cause under 11 U.S.C. § 1112(b). (Mot., ECF[1] No. 24). The Debtor does not

contest dismissal per se. The issue is whether the Court may condition dismissal of the case

upon payment of fees requested by the Subchapter V Trustee. For the reasons set forth below,

the motion is granted. The Case will be dismissed upon payment of the fees, or, failing that,

converted to a case under Chapter 7 of the Bankruptcy Code within forty-five days of issuance of

this decision.

## Jurisdiction

This Court has jurisdiction over this contested matter under 28 U.S.C. §§ 157(b)(1) and

1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and one over which this Court

has authority to enter a final judgment.

## BACKGROUND

The Debtor filed a voluntary petition on December 23, 2021, under Chapter 11,

Subchapter V, of the United States Bankruptcy Code. (Vol. Pet., ECF No. 1). The Small

Business Reorganization Act ("Subchapter V," codified as 11 U.S.C. §§ 1181-1195) has been a

remarkably successful addition to Chapter 11 of the Bankruptcy Code. Subchapter V allows

small businesses[2] to file bankruptcy in a cost-effective manner in hopes of achieving a successful

restructuring. Subchapter V gives the debtor exclusive power to file a plan of reorganization,

imposes a shortened timeline to file a plan, eliminates the absolute priority rule for confirmation,

allows debtors to pay administrative claims over the course of the plan, and permits a Court to

confirm a plan without the acceptance of a class of creditors. 11 U.S.C. §§ 1189, 1191(a).

---

[1] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in Case number 21-35911-cgm.

[2] 11 U.S.C. § 1182 limits Subchapter V relief to those persons with "aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders)."

Importantly, Subchapter V provides for the appointment of a trustee to assist the debtor in possession, provide oversight, and to help facilitate negotiation of a consensual plan of reorganization. 11 U.S.C. § 1183. The Subchapter V trustee appears at status conferences and provides the Court with valuable information on the progress of the case. *Id.* § 1183(b)(3). The Subchapter V trustee may be called on to perform the duties of the debtor in possession and operate the business. *Id.* § 1183(b)(5). Bankruptcy courts rely on the Subchapter V trustee to provide candid advice concerning a debtor's efforts to comply with its duties under the Code. *Id.* § 1183(b)(4); *In re Corinthian Commc'n, Inc.*, 642 B.R. 224, 225 (Bankr. S.D.N.Y. 2022) ("Subchapter V Trustees are the 'honest brokers,' who through their efforts have provided credibility in evaluating the debtor's business's prospects for a successful reorganization and facilitated negotiation of a plan of reorganization with the debtor's stakeholders, thereby enabling a small business to reorganize."). The success of an individual Subchapter V case and of the bankruptcy courts in overseeing them depends in part on "the openness and transparency of the debtor with the Subchapter V Trustee, the U.S. Trustee, creditors, and with the Court." *Id.*

Charles Persing was appointed as Subchapter V trustee ("Mr. Persing" or the "Subchapter V Trustee") for this case on December 27, 2021, pursuant to 11 U.S.C. § 1183(a). (Notice, ECF No. 3). Mr. Persing is a partner of the firm of Bederson LLP. (Appl. for Comp. Schedule A ¶ 1, ECF No. 122). Since his appointment, Mr. Persing has fulfilled numerous duties for the benefit of the Debtor, the Court, and all interested parties. These duties include: having numerous discussions with the Debtor's counsel to ensure compliance with the Bankruptcy Code; undertaking investigations concerning the Debtor's assets and analysis of the business debt; reviewing documents and conferring with Debtor's counsel regarding the initial debtor interview; attending the 341 meeting of creditors; monitoring and maintaining settlement

discussions and agreements between the Debtor and a lender; attending status conferences held

by this Court; appraising the U.S. Trustee of activities in this case; engaging with discussions

with the Debtor and the U.S. Trustee regarding the latter's motion to dismiss; reviewing all case

filings; following up on Debtor's monthly operating reports; and providing forthright answers to

inquiries made by this Court.  (Appl. of Comp. ¶¶ 3–4, ECF No. 122).

Mr. Persing is a certified public accountant, a certified valuation analyst, a certified fraud

examiner, and a certified insolvency and restructuring advisor.  (*See* Recording of Apr. 11, 2023

Hr'g[3], 1:30–1:34).  He serves as a member of the board and as treasurer of National Association

of Bankruptcy Trustees, and he is on the Subchapter V committee.  *(Id.).*  Mr. Persing has spoken

at multiple conferences about Subchapter V.  *(Id.).*  He has served as a Subchapter V trustee in

multiple cases and has experience working in bankruptcy across Delaware, New Jersey,

Pennsylvania, Connecticut, South Carolina, and New York.  *(Id.).*  He has represented Chapter 7

Trustees and advised Chapter 7 Trustees on strategic issues involving the liquidation of assets

and preferences.  *(Id.).*

Mr. Persing filed an application for professional compensation as Subchapter V trustee

on March 9, 2023.  (Appl., ECF No.  122).  On April 11, 2023, the Court granted his

compensation in the amount of $12,631.00, pursuant to 11 U.S.C. § 330.  No opposition was

filed, and no objection was made to the reasonableness of the fee award.

On February 1, 2022, the United States Trustee filed a motion to dismiss or convert the

debtor's case.  (Mot. ECF No. 24).  The Trustee filed a supplemental memorandum in support of

the motion on March 18, 2022.  (Suppl. Mem., ECF No. 44).  The Trustee argued that cause

exists to dismiss the case or convert it to one under Chapter 7, pursuant to 11 U.S.C. §

[3] As of the date of this decision, transcription of the April 11, 2023, hearing has not been made.

1112(b)(4)(F) for failure to file monthly operating reports and pursuant to § 1112(b)(4)(J) for

failure to confirm a plan.  The Debtor stated no opposition to the U.S. Trustee's motion at the

March 7, 2023, hearing.  The Court adjourned all matters to April 11, 2023.

On April 7, 2023, the U.S. Trustee filed a memorandum in support of the Subchapter V

Trustee's fee application.  (Mem., ECF No. 124).  The U.S. Trustee urges this Court to award the

full amount of compensation sought and asks the Court to defer the order dismissing the

Debtor's case until the Debtor pays the compensation awarded.  (*Id.* 5–7).  Specifically, the U.S.

Trustee seeks an order dismissing the case conditioned upon payment of Mr. Persing's fees.  (*Id.*)

The Debtor filed opposition to the proposed conditional dismissal.  (Opp'n, ECF No.

125).  Debtor argues that a conditional dismissal is unprecedented and "would have serious

implications for all subchapter V cases."  (*Id.* ¶¶ 4–7).

### **Summary of the Law**

Motion to Dismiss

11 U.S.C. § 1112(b)(4)(D) states that cause exists to dismiss or convert a case where

unauthorized use of cash collateral substantially harms one or more creditors.  Upon notice and

hearing, the Court shall convert or dismiss the debtor's case for cause.  11 U.S.C. § 1112(b)(1).

The Court may not dismiss or convert the case where unusual circumstances are specifically

identified that make conversion or dismissal not in the best interests of the creditors and the

estate.  11 U.S.C. § 1112(b)(2).  The moving party bears the burden of showing cause to dismiss

or convert.  *In re Citi-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) (citing

*Grogan v. Garner*, 498 U.S. 279, 286 (1991)).

The Trustee argues that cause exists to dismiss the case for failure to file any monthly

operating reports.  Under § 1112(b)(4), cause exists to dismiss or convert the case where there is

a "failure timely to provide information or attend meetings reasonably requested by the United

States trustee (or the bankruptcy administrator, if any)." 11 U.S.C. §§ 1112(b)(4)(A),

1112(b)(4)(H). Section 1188(c) requires debtors proceeding under Subchapter V to file a "report

that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of

reorganization" at least 14 days before the status conference. The Court may find an unexcused

failure to timely file monthly operating reports is cause for dismissal. *In re Sillerman*, 605 B.R.

631, 657 (Bankr. S.D.N.Y. 2019); *In re Butt*, 598 B.R. 724, 726 (Bankr. W.D.N.Y. 2019).

The Debtor has repeatedly failed to submit operating reports on time. The January 2022

and February 2022 reports were filed on March 19, and later corrected with amended reports on

May 14, 2022. (Operating Reps., ECF Nos. 45 – 46; Am. Operating Reps., ECF Nos. 62–63).

The March, April, June, and August 2022 reports were each filed one month late. (Operating

Reps., ECF Nos. 64–65, 81, 86). The September, October, and November reports were filed on

December 9, after the Court reprimanded Counsel file reports on time. (Operating Reps., ECF

Nos. 96–98). Debtor has not filed an operating report has since the January 2023 report.

The absence of the monthly operating reports has not been explained by the Debtor in

any way. The motion to dismiss put the debtor on notice of this issue in March 2022, over one

year ago. The persistent unexcused failure to file the reports and the Debtor's inability to

confirm a plan demonstrate cause to dismiss the case.

<u>Opposition to Structured Dismissal</u>

Allowance of an administrative expense claim in a case that is soon to be dismissed, or is

already dismissed, may still leave a Subchapter V trustee without compensation. *In re Tri-State*

*Roofing*, 2020 WL 7345741 at *1, n. 1 (Bankr. D. Idaho 2020) ("[A]dministrative expense

claims are not monetary judgments but rather entitle the claimant to receive a distribution from

the bankruptcy estate. If there are no funds currently held by the Trustee, it is difficult to

understand how this claim would be paid.") (Citation omitted).  Courts are given discretion in

orders dismissing cases to correct this pitfall.

Section 349(b) states that "[u]nless the court, for cause, orders otherwise, a dismissal of a

case other than under section 742 of this title . . . (3) revests the property of the estate in the

entity in which such property was vested immediately before the commencement of the case

under this title."  11 U.S. Code § 349(b).  Reliance by a party in interest, such a one with a

priority administrative claim, "'on the bankruptcy case' presents a textbook example of § 349(b)

cause."  *In re Slidebelts, Inc.*, No. 2019-25064-A-11, 2020 WL 3816290, at *3 (Bankr. E.D. Cal.

July 6, 2020) (quoting HR. Rep No. 95-595 at 338).  This section of the Bankruptcy Code allows

courts discretion to order different results than those specified by the Code.  *In re Gonic Realty*

*Tr.*, 909 F.2d 624, 627 (1st Cir. 1990) ("section 349(b) of the Bankruptcy code specifically

contemplates that return of all estate property to the debtor is not required in every dismissal.").

A dismissal that attaches special conditions "is often referred to as a 'structured dismissal.'"

*Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 456, 137 S. Ct. 973, 979 (2017).  "Although the

Code does not expressly mention structured dismissals, they "appear to be increasingly

common."  *Id.* at 457, 137 S. Ct. at 979.

Payment of "administrative professionals fall[s] in neatly within the realm of structured

dismissals."  *In re Slidebelts, Inc.*, 2020 WL 3816290 at *3 (conditioning dismissal on allowance

and payment of the committee professionals).  Although the Small Business Reorganization Act

is only a few years old, courts have conditioned dismissal of Subchapter V cases upon payment

of fees.  *See In re Hunts Point Enters. LLC*, No. 20-42393 (AST), 2021 WL 1536389, at *4

(Bankr. E.D.N.Y. Mar. 25, 2021) ("Once this Court has ruled on his fee application and he

confirms receipt of payment, [Debtor] may submit an Order of dismissal with prejudice. In the alternative, [Sub-Chapter V Trustee] and [Debtor] may submit a stipulation for payment of [Sub-Chapter V Trustee], with consent of the UST. Once approved and [Sub-Chapter V Trustee] confirms receipt of payment, [Debtor] may submit an Order of dismissal with prejudice.").

The US Trustee argues that the Debtor retains more than enough cash on hand to satisfy the fee application, which was granted in the amount of $12,631.00.  (Mem. 3, ECF No. 124).  At the April 11, 2023, hearing, the Debtor argued that it does not possess enough cash on hand to do so.  The Debtor's own operating reports tell a different story.  The Debtor has apparently done well for itself since filing its petition with this Court.  As reflected on its operating reports submitted to this Court, the Debtor's cash on hand has increased steadily in recent months, from around $6,000 in April of 2022 to $28,892.51 in January 2023.  Debtor has had five uninterpreted months of positive net income reported on its most recent operating reports.  The Debtor has enriched itself with the benefits given to it as a debtor under Subchapter V and at the expense of the Subchapter V Trustee.  The Court will not allow the Debtor to avoid paying for the sixteen months of professional services it cashed in on.

**Conclusion**

The U.S. Trustee's motion is granted.  The U.S. Trustee may enter a proposed order

dismissing the Debtor's case upon the Debtor's payment in full of the Subchapter V Trustee fees.

The U.S. Trustee shall enter a proposed order converting this case to one under Chapter 7 if

payment is not made within forty-five days of issuance of this decision.  The proposed order

shall be submitted directly to chambers (via E-Orders), upon not less than two days' notice to all

parties, as required by Local Bankruptcy Rule 9074-1(a).

/s/ Cecelia G. Morris

**Dated: April 14, 2023**
**Poughkeepsie, New York**



_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**